IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| In re: | ) | Case No. 11-40169 |
| | ) | |
| LIFELINE PARTNERS, INC. | ) | Chapter 11 |
| | ) | |
| Debtor/Debtor-in-Possession | ) | Judge Kay Woods |

### DEBTOR'S MOTION FOR THE ENTRY OF INTERIM AND FINAL ORDERS: (A) AUTHORIZING DEBTOR TO OBTAIN SECURED CREDIT UNDER A DEBTOR IN POSSESSION FINANCING FACILITY PURSUANT TO SECTIONS 364(c) AND 364(d) OF THE BANKRUPTCY CODE; (B) AUTHORIZING DEBTOR TO ENTER INTO CERTAIN RELATED LOAN DOCUMENTS; AND (C) APPROVING MANNER OF NOTICE OF FINAL HEARING

NOW COMES LifeLine Partners, Inc., Debtor and Debtor-in-Possession, (the "Debtor"), by and through counsel, and moves the Court (the "Motion") pursuant to §§105(a) and 364 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330 (the "Bankruptcy Code") and Rules 2002, 4001 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for the entry of interim and final orders authorizing the Debtor, to: (a) obtain postpetition secured financing in the form of a line of credit in an amount up to $150,000.00 (the "Line of Credit") with George & Franciska Havas (collectively, the "Lender"); (b) obtain credit and incur debt secured by a first and best lien on postpetition property of the Debtor's estate pursuant to § 364 of the Bankruptcy Code, as an allowed super-priority administrative expense claim; (c) authorizing the Debtor to enter into certain related security agreements, instruments and other documents as may be necessary, executed and delivered in connection with the Line of Credit; and (d) approving the manner of notice of the final hearing on this Motion. In support of this Motion, the Debtor respectfully represents as follows:

## Background

1.     On January 21, 2011 (the "Petition Date"), the Debtor commenced its reorganization case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor is continuing in possession of its property and is operating and managing its business, as debtor in possession, pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

2.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The venue of the Debtor's chapter 11 case and this Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409 and Local Bankruptcy Rules.

3.     The Debtor owns and operates comprehensive outpatient rehabilitation facilities (CORF) providing a multi-disciplinary approach in physical therapy and sleep disorder services.

4.     Prior to the Petition Date, the Debtor obtained certain financing from First National Bank of Pennsylvania ("FNB") for use in the operation of its business. FNB may allege that its loans are secured by substantially all of the Debtor's prepetition assets, including its inventory, accounts, accounts receivable, and general intangibles ("Prepetition Collateral"). The Debtor believes that the outstanding balance owed to FNB on said indebtedness is approximately $220,499.97.

## Relief Requested

5.     The Debtor has significant cash needs. Access to credit is necessary to meet the substantial day-to-day operating costs associated with the Debtor's business and operations, including rent, utilities, supplies, payroll and other obligations. In order to continue to operate its business in the ordinary course, the Debtor determined, in the exercise of its sound business judgment, that a line of credit providing up to $150,000.00 of additional working capital is critical. Attached hereto as Exhibit "A" is a budget (the "DIP Facility Budget") for the Debtor. The DIP Facility Budget provides a detailed list of the various expenses that the Debtor expects

to pay during the early stages of this case. Accordingly, the absence of additional working capital would immediately and irreparably harm the Debtor, its estate and its creditors, and would impair the possibility for its successful reorganization.

6. The Debtor can obtain the necessary immediate funds for continued operation of its business from George Havas (a shareholder of the Debtor) and his wife, Franciska Havas, who are also the parents of the principal and majority shareholder of the Debtor, Kathleen Burgdorf. Prior to the Petition Date, the Debtor negotiated in good faith and at arms'-length with Lender for the Line of Credit. Subject to approval of this Court, Lender will loan Debtor the operating capital in an amount up to $150,000.00, to be paid out as needed in the form of a line of credit.

7. The Line of Credit will bear interest at the rate of 7.00% per annum on the outstanding balance. The Debtor will make monthly payments of the accrued interest at the end of each month that there remains an outstanding balance, with the principal to be repaid upon demand of the Lender.

8. As collateral for the Line of Credit and as a condition precedent thereof, Lender requires a first security interest and lien in and to all post-petition property of the Debtor, specifically accounts, accounts receivable, deposit accounts and cash collateral (as defined in § 363(a) of the Bankruptcy Code) (the "DIP Collateral"). Further, Lender also requests it be expressly relieved from having to file or record any financing statement, mortgages, notices of lien or similar instruments in any jurisdiction or to take any other action in order to validate and/or perfect the requested security interests and liens to the DIP Collateral.

9. The Debtor's borrowings and other obligations under the Line of Credit will also be entitled to administrative super-priority expense claim status (the "Superpriority Claims"), pursuant to § 364(c)(1) of the Bankruptcy Code and otherwise have priority over all administrative expense claims and unsecured claims against the Debtor, now existing or

hereafter arising, of any kind or nature whatsoever, including, without limitation, administrative expenses of the kinds specified in or ordered pursuant to §§ 105, 326, 327, 328, 330, 331, 503(a), 503(b), 507(a), 507(b), 546(c), 546(d), 1113, and 1114.

10. It is necessary to consummate the financing arrangement set forth herein because Debtor otherwise is unable to continue its operations and the preservation of its property. The Debtor is unable to borrow the needed funds on an unsecured basis under any conditions set forth in § 364(a) or (b). If the authority herein sought is not granted, Debtor will not be able to meet its essential expenses and will be unable to preserve its assets. In such event, all creditors and parties in interest will suffer irreparable damage and loss of any expectation of recovery from this estate.

## Necessity for Interim and Final Relief

11. As the Debtor does not intend to use the prepetition cash collateral of FNB and has made arrangements for the turnover of same, the immediate establishment of the Line of Credit is, therefore, critical. Such access is required to assure that the Debtor will have sufficient liquidity to sustain its ongoing business and operations, and to provide trade creditors and suppliers with the comfort that they will need for the Debtor to obtain reasonable postpetition payment terms and to assure employees.

12. Based on the foregoing, the Debtor submits that the proposed interim relief is in the best interests of the Debtor, its estate and its creditors, and, therefore, should be approved.

## Final Hearing and Manner of Notice

13. The Debtor proposes to send notice of the final hearing to consider the Motion pursuant to Bankruptcy Rule 4001, to: (a) the United States Trustee, (b) the Debtor's secured lenders, (c) all creditors, and (d) any other party in interest who files a request for such notice and served such notice to the Debtor's counsel. The Debtor submits that such notice is adequate and

4

sufficient.

14. The Debtor further requests that the Court specify that any and all objections to this Motion be in writing and filed and served so that the same are received by Debtor's counsel no later than five (5) business days prior to the date scheduled for the final hearing.

## Authority for Requested Relief

15. Section 364 of the Bankruptcy Code allows the Debtor to: (a) obtain unsecured credit in the ordinary course of business, (b) obtain unsecured credit out of the ordinary course of business, and (c) obtain credit with specialized priority or with security. If a debtor in possession cannot obtain postpetition credit on an unsecured basis, the court may authorize the obtaining of credit or the incurring of debt, repayment of which is entitled to super-priority administrative expense status or is secured by a lien on the debtor's property, or a combination of the foregoing.

16. The Debtor proposes to obtain financing under the Line of Credit by providing security interests and liens on the DIP Collateral pursuant to section 364 of the Bankruptcy Code in addition to providing the Lender with Super-priority Claims pursuant to section 364(c)(l) of the Bankruptcy Code. Since the Debtor's working capital assets are already encumbered by the prior lien of FNB and given the Debtor's current financial condition, it was not possible to obtain credit on either an unsecured basis or by granting junior liens.

17. The Debtor believes that the terms and conditions of the Line of Credit are fair and reasonable and represent the best financing option available under the circumstances, and thus, the Debtor submits that its reasonable business judgment should be approved. See, Group of Institutional Investors v. Chicago Mil. St. P. & Pac. Ry., 318 U.S. 523, 550 (1943); In re Lifeguard Indus., Inc., 37 B.R. 3, 17 (Bankr. S.D. Ohio 1983) ("Business judgment should be left to the boardroom and not to this Court.").

18. Bankruptcy Rule 4001 also permits a court to approve a debtor's request for the use of

postpetition financing on an interim basis "to the extent necessary to avoid immediate and irreparable harm to the estate pending a final hearing." Fed. R. Bankr. P. 4001. The Debtor submits that the requested interim relief is necessary in order to avoid immediate and potentially irreparable damage to the Debtor's business and operations, and should be approved.

19. Finally, Bankruptcy Rule 4001 provides that notice of the final hearing should be provided to any official committee that is appointed in this chapter 11 case, or, if no committee has been appointed, to the persons listed on the Debtor's list(s) of its twenty largest unsecured creditors, together with such other entities as the Court shall direct. In this case, the Debtor submits that the proposed form and manner of notice described above is sufficient and complies with the provisions of Bankruptcy Rule 4001.

### Notice

20. Notice of this Motion has been given to the following parties or, in lieu thereof, to their counsel, if known: (a) the United States Trustee; and (b) all creditors, as identified in the Debtor's schedules filed with the chapter 11 petition. The Debtor submits that such notice is adequate and sufficient.

WHEREFORE, the Debtor respectfully requests that the Court enter an order substantially in the form attached hereto as Exhibit "B" as follows:

(a) authorizing on an interim basis the terms and provisions of the Line of Credit to maintain ongoing operations and avoid immediate and irreparable harm to its estate pending a final hearing on the Line of Credit,

(b) granting Lender liens in the DIP Collateral and the Super-priority Claims described herein,

(c) scheduling a final hearing on the Motion, and at that time, granting the relief requested herein on a final basis, and

(d) granting the Debtor such other and further relief as the Court may deem just and proper.

Respectfully submitted,

**SUHAR & MACEJKO, LLC**

By: /s/ Melissa Macejko
Andrew W. Suhar, Esq. (#0058419)
Melissa Macejko, Esq. (#0070974)
29 E. Front St., 2nd Floor
P.O. Box 1497
Youngstown, Ohio 44501-1497
Telephone: (330) 744-9007
Facsimile: (330) 744-5857
E-mail: mmacejko@suharlaw.com

Proposed Counsel for LifeLine Partners, Inc.
Debtor and Debtor-in-Possession